UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAY 1 2 2000
CLERK, U.S. ...  ...URT
WESTERN DISTRICT OF TEXAS
BY _____

FINCK CIGAR CO., INC.,  )
                        )
        Plaintiff,      )
                        )
VS.                     )   Civil Action No. SA-99-CA-0817-EP
                        )
EL DUQUE GROUP, INC.,   )
                        )
        Defendant.      )

**ORDER**

On this date the Court considered Defendant's motion to dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction. After careful consideration, the Court will deny the motion.

As the parties are well aware, the Plaintiff's amended complaint, which the Court has acknowledged Plaintiffs were entitled to amend without leave, has changed the character of this case. Plaintiff's affirmative claims for declaratory relief and for common law and state trademark infringement make it substantially easier for the Plaintiff to argue that this Court may assert specific personal jurisdiction over the Defendant. *See Ham v. La Cienega*, 4 F.3d 413, 416 n.13 (5th Cir. 1993). Plaintiff has provided evidence that at least two sales of the allegedly infringing cigar have been made by El Duque in the state of Texas. A single sale of allegedly infringing product can form the basis for specific jurisdiction. *See Sinko v. St. Louis Music Supply Co.*, 603 F. Supp. 649, 651 (W.D. Tex. 1984) (Prado, J.); *see also Maxwell Chase Tech., L.L.C. v. KMB Produce, Inc.*, 79 F. Supp.2d 1364, 1372 (N.D. Ga. 1999); *ESAB Group, Inc. v. Centricut, L.L.C.*, 34 F. Supp. 2d 323, 332 (D. S.C. 1999); *Rogers v. HSN Direct Joint Venture*, No. 97 Civ. 7710(LLS), 1999 WL 322663,

1

28

at * 3 (S.D.N.Y. 1999) (unpublished); TEX. CIV. PRAC. & REM. CODE § 17.042(2) (nonresident "does business" in state for purpose of extending jurisdiction over that resident if it "commits a tort in whole or in part in this state"). That the sales took place two years ago or that it was limited does not change this result.[1]

Therefore, the Court finds that it has specific personal jurisdiction over the Defendant El Duque Group, Inc., and the Court will not dismiss this case. To the extent that the Defendant's motion challenges the assertion of personal jurisdiction over the newly added Defendant Campa Import and Export, the Court agrees that the evidence presented thus far would not seem to support an assertion of jurisdiction. *See Court Order*, March 16, 2000, at 2 n.3 (questioning whether it had general jurisdiction over Campa). The Defendant rightly notes that a stream of commerce theory is not a sufficient basis for the assertion of general jurisdiction. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 216 (5th Cir. 2000).

The Court is uncertain, given its ruling here that it has personal jurisdiction over El Duque, whether Plaintiff remains interested in pursuing a suit against Campa. However, assuming such interest exists, the Court will grant Plaintiff's request for additional time to discover jurisdictional facts that would support the inclusion of Campa in this lawsuit.[2]

ACCORDINGLY, it is ORDERED that the motion to dismiss the Plaintiff's First Amended Complaint (Docket No. 25) is DENIED. It is further ORDERED that the Plaintiff shall have thirty days from the date of this Order to conduct discovery regarding this Court's personal jurisdiction

---

[1] It is significant that the current dispute between the parties regarding the trademark was live two years ago when the cigars were sold in Texas.

[2] Should Plaintiff wish to amend its complaint to drop Campa as a Defendant, Plaintiff should so notify the Court within ten days from the date of this Order.

over Defendant Campa Import and Export. The Court will consider a motion to dismiss Campa for lack of personal jurisdiction no later than June 16, 2000. Nothing in this Order shall prevent the lawsuit against El Duque from proceeding, and all deadlines found in the local rules, the Rules of Civil Procedure, and/or imposed by this Court shall remain in place.

SIGNED and ENTERED this 11th day of May, 2000.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE