UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 2 8 2001
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| FINCK CIGAR CO., INC., | ) |
| Plaintiff, | ) |
| VS. | ) SA-99-CA-0817-EP |
| EL DUQUE GROUP, INC., | ) |
| Defendant. | ) |

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT

On this date the Court considered a motion for summary judgment filed by the plaintiff in the above numbered and styled cause, and a motion for partial summary judgment filed by the defendant. After considering the motions and the parties' responses, the Court will grant both motions.

### Background of the Case

The plaintiff, Finck Cigar Company, sells cigars under a trademark it characterizes as "Alamo." Finck Cigar has been using the trademark for over twenty years. The defendant, El Duque Group, applied for registration of an "Alamo" trademark on June 29, 1995. Finck Cigar learned about the attempted registration and filed an opposition with the Trademark Trial and Appeal Board (TTAB). El Duque moved to dismiss the opposition and the Board dismissed Finck Cigar's opposition. Finck Cigar did not appeal that action.

The registration issued on October 20, 1998. Finck Cigar attacked the registration on two fronts. Finck Cigar asked the TTAB to cancel the registration, and filed this action seeking declaratory judgment that its use of the Alamo trademark does not infringe on El Duque's mark and

1



asking this Court to cancel El Duque's registration. On February 17, 2001, the TTAB denied Finck Cigar's petition to cancel El Duque's registration. Finck Cigar has now moved for summary judgment and El Duque has moved for partial summary judgment.

## Subject Matter Jurisdiction

In its response to Finck Cigar's motion for summary judgment, and in its motion for partial summary judgment, El Duque asserts that this Court has no subject matter jurisdiction in this cause. Because that issue is dispositive of whether the Court may proceed in this matter, the Court will first consider whether a basis for subject matter jurisdiction exists.

El Duque asserts that the Court lacks subject matter jurisdiction because Finck Cigar failed to appeal the TTAB's decision denying Finck Cigar's motion to cancel El Duque's registration. El Duque relies on 15 U.S.C. §1071 which sets forth the procedures for appealing a TTAB decision. Under that provision, a party dissatisfied with a TTAB decision may appeal the decision to the United States Court of Appeals for the Federal Circuit or to the district court within a specified time frame. It is undisputed that Finck Cigar did not appeal the TTAB decision. Nonetheless, the TTAB decision denying Finck Cigar's motion to cancel was not issued until January 17, 2001. This action was filed on July 28, 1999. As a result, this action cannot constitute an appeal under section 1071. Instead, this action is properly construed as an exercise of the district court's jurisdiction under 15 U.S.C. §1119. That section authorizes a district court to determine the right to the registration of a trademark and to order the cancellation of a trademark. Here, Finck has asked this Court to declare that its use of the Alamo trademark does not infringe on El Duque's mark and to cancel El Duque's registration. This request falls squarely within this Court's authority under section 1119. As a result, the Court concludes that it has subject matter over Finck Cigar's complaint. Having

2

determined that the Court has jurisdiction over the complaint, the Court now considers Finck Cigar's grounds for summary judgment.

### First-User Grounds

Finck Cigar first argues that it is entitled to summary judgment because it was the first to use the Alamo trademark. To prevail on this ground, Finck Cigar must show that no genuine issue of material fact exists with regard to the issue of priority to use the Alamo trademark and that El Duque's use of the trademark creates a likelihood of confusion in the minds of potential consumers. *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 536 (5th Cir. 1998). "The first one to use a mark is generally held to be the 'senior' user and is entitled to enjoin other 'junior' users from using the mark, or one that is deceptively similar to it, subject to limits imposed by the senior user's market and natural area of expansion." *Union Nat'l Bank of Tx.–Laredo v. Union Nat'l Bank of Tx.–Austin.*, 909 F.2d 839, 842-43 (5th Cir. 1990). Here, Finck Cigar has provided uncontroverted summary judgment evidence that demonstrates it began using the Alamo trademark long before El Duque sought federal registration of the trademark. El Duque does not contest that Finck Cigar was the first to use the Alamo trademark, but it questions the sufficiency of Finck Cigar's evidence. El Duque complains that Finck Cigar has produced only a few invoices that establish that Finck Cigar sold $2,000.00 of cigars under the Alamo trademark before El Duque applied for registration. The Court, however, located no authority that quantified the evidence needed to establish first-to-use priority. The Court finds that Finck Cigar demonstrated that it was the first user of the Alamo trademark. Finck Cigar, however, must also establish a likelihood of confusion.

Likelihood of confusion is synonymous with a probability of confusion and constitutes more than a mere possibility of confusion. *See Pebble Beach*, 155 F.3d at 543. In determining whether

3

a likelihood of confusion exists, this Court musts consider the following factors: (1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, and (7) any evidence of actual confusion. *See id.* at 543. "No single factor is dispositive, and a finding of a likelihood of confusion does not require a positive finding on a majority of these 'digits of confusion.'" *Id.* at 543. Applying those factors here, this Court finds that Finck Cigar has demonstrated a likelihood of confusion.

Type of mark. Both Finck Cigar and El Duque claim the right to use a trademark that is distinguished by the word "Alamo." The Court finds this factor weighs in favor of confusion.

Similarity of mark. The two trademarks resemble one another in the use of the word "Alamo." Finck Cigar uses the word "Alamo" with a picture of the Alamo mission, although the picture is not included the Texas registration of the Finck Cigar Alamo trademark. El Duque uses the word "Alamo" with the word "cigars" in its trademark; these words are encircled in a crest-like design. The trademarks look different, but confusion would naturally result from two brands of cigars using the same name. The Court finds this factor weighs in favor of confusion.

Similarity of product. Apparently, Finck Cigar uses the Alamo trademark to sell inexpensive cigars that are made in Texas and in Honduras, and El Duque uses the Alamo trademark to sell a more expensive cigar that is made in Honduras. Despite an apparent difference in product quality, both trademarks are used to sell cigars. The Court finds this factor weighs in favor of confusion.

Identity of retail outlets and purchasers. Although there is no summary judgment evidence about how retail outlets and purchasers refer to the cigars in question, the evidence indicates that Finck Cigar lists its Alamo cigars in a mail order catalog as Alamo Sweet Perfecto, Alamo Sweet

4

Cigarillo, Alamo Sweet Light, Alamo Black & Sweet, Alamo Bonham, Alamo Bowie, Alamo Crockett, Alamo Esparza, Alamo Stockton, and Alamo Travis. Finck Cigar's sales invoices reflect sales of cigars using these names. Logically, purchasers of these cigars, and El Duque cigars, would refer to the cigars as Alamo cigars. The Court finds this factor weighs in favor of confusion.

Advertising media. Finck Cigar uses its "Alamo" trademark by imprinting it on labels and packaging for its cigars. Finck Cigar advertises its cigars in its mail order catalog that is distributed to customers. Although no evidence has been presented about how, or if, El Duque advertises its cigars, the mere existence of a second cigar labeled with the same name would create a probability of confusion. The Court finds this factor weighs in favor of confusion.

Defendant's intent. No evidence is before this Court about whether El Duque intends to create confusion by selling cigars under the Alamo trademark. As a result, this factor does not weigh for or against likelihood of confusion.

Evidence of confusion. No evidence of actual confusion has been presented. As a result, this factor does not weigh for or against likelihood of confusion.

After applying the above factors, the Court finds that Finck Cigar has demonstrated that a likelihood of confusion exists. With this established, Finck Cigar is entitled to summary judgment on its infringement and non-infringement claims.

### Dilution Claim

In its complaint, Finck Cigar alleged that El Duque's use of the Alamo trademark diluted the distinctive quality of the Finck Cigar Alamo trademark. To prevail on this claim, Finck Cigar must prove actual economic damages. *Advantage Rent-A-Car, Inc. v. Enterprise Rent-A-Car*, 238 F.3d 378, 380 (5th Cir. 2001). In its motion for partial summary judgment, El Duque argues that it is

entitled to summary judgment on the dilution claim because no evidence exists that Finck Cigar suffered any economic harm as a result of El Duque's use of its Alamo trademark. El Duque is correct. No summary judgment exists that indicates Finck Cigar suffered any economic harm. As a result, El Duque is entitled to summary judgment on the dilution claim.

## Conclusion

Having determined that Finck Cigar is the rightful owner of the Alamo trademark, the Court GRANTS Finck Cigar's motion for summary judgment on its infringement and non-infringement claims (docket entry #52). Because the Court finds that El Duque's continued efforts to assert the right to use the Alamo trademark indicate that El Duque will use the trademark unless enjoined, the Court GRANTS Finck Cigar's request for an injunction. Accordingly, the Court ORDERS El Duque to cease and desist using the Alamo trademark.

Having found no evidence that demonstrates that Finck Cigar's trademark suffered a dilution, the Court GRANTS El Duque's motion for partial summary judgment on Finck Cigar's dilution claim (docket entry #56) and DENIES the motion in all other respects.

Consistent with this order, the Court ORDERS the cancellation of El Duque's registration, United States Patent and Trademark Office No. 2,198,739. The Clerk of this Court is ORDERED to send a copy of this order to the United States Patent and Trademark Office, Trademark Trial and Appeal Board, 2900 Crystal Drive, Arlington, Virginia 22202-3513, for entry of the cancellation.

It is so ORDERED.

SIGNED and ENTERED this 27th day of June, 2001.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE